JUDGE COTE

08 CV 00383

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— X

PEPPERELL BRAIDING CO.

Plaintiff,

-Against-

TONER PLASTICS, INC., STEVEN GRAHAM,
and WAL-MART STORES, INC.

Defendants.

———————————————————— X

COMPLAINT
JURY DEMAND

RECEIVED
JAN 15 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Pepperell Braiding Co. (hereinafter referred to as "Plaintiff" or "Pepperell"), by

its attorneys, Feldman Law Group, P.C., as and for its Complaint against Defendants Toner

Plastics, Inc., and Steven Graham (collectively "Toner") and Wal-Mart Stores, Inc. ("Wal-Mart")

(all Defendants hereinafter referred to as "Defendants") alleges as follows upon knowledge with

respect to itself and its own acts, and upon information and belief as to all other matters:

## PARTIES

1.  Plaintiff is a Massachusetts corporation with its principal place of business at 22 Lowell

    Street, Pepperell, Massachusetts 01463.

2.  Upon information and belief, Defendant Toner Plastics Inc. is a corporation under the laws of

    Massachusetts, with its principal place of business at 699 Silver Street, Agawam,

    Massachusetts.

3.  Upon information and belief, Defendant Steven Graham is the principal and president of

    Defendant Toner Plastics Inc., doing business at 699 Silver Street, Agawam, MA 01001.

4.  Upon information and belief, Defendant Wal-Mart is a corporation under the laws of

Delaware with its principal place of business at 702 Southwest Eighth Street, Bentonville,

AR 72716-0215 and having in place of business at 1201 Rt. 300, Newburgh, NY 12550.

## JURISDICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. 1051 et seq., and related

statutes and common law.  This Court has subject matter jurisdiction under Section 39 of the

Lanham Act, 15 U.S.C. §1391 (b) and (c).

6. The venue is proper because, upon information and belief, Defendants are doing and

transacting business in this Judicial District; have substantial contacts with this Judicial

District; and Defendants have committed the tortuous acts complained of herein in this

Judicial District, among others.

## GENERAL ALLEGATIONS

7. Plaintiff is engaged in the manufacture, promotion, distribution and sale of crafts and beading

products across the country since 1917.  Its products are well-known as a leader in the

industry. Since as early as 1999, it has been selling STRETCH MAGIC Bead and Jewelry

Cord.

8. Plaintiff is the owner of U.S. Trademark Reg. No. No. 2,947,296 for the mark STRETCH

MAGIC for its bead & jewelry cord products.

9. Plaintiff has been packaging its product in distinctive trade dress packaging for over seven (7)

years. (Exhibit A) ("Packaging").

10. As a result of Plaintiff's continuous and systematic use of the Mark and trade dress in

commerce and the commercial success of the goods sold under the Mark and trade dress,

Plaintiff has achieved substantial goodwill in the Mark and the trade dress. The crafts industry has come to favorably know, recognize and identify goods bearing the STRETCH MAGIC mark and the Packaging as the source of the goods.

11. The elements of Plaintiff's packaging that make up its trade dress are its blue wheel set atop a rectangular cord and its distinctive marker font outlined in white, shadowed to appear three-dimensional, and its use of the terms "strong & stretchy" and "bead & jewelry cord."

12. The Mark and Packaging has come to represent the valuable goodwill and reputation of Plaintiff as a provider of high quality crafts products.

13. The Toner Defendants are direct competitors of Plaintiff and market and sell bead and jewelry cord in the United States.

14. In 2007, Plaintiff learned that the Toner Defendants have been selling a bead and jewelry cord using confusingly similar Packaging and a similar Mark, Attached hereto as Exhibit B are photographs of the Toner Defendants' infringing packaging. The Toner Defendants' Packaging includes the same blue wheel atop a rectangular cord, with the same marker font outlined in white, shadowed to appear three-dimensional. Defendants' cord also uses the term "Magic Stretchy Cord."

15. Upon information and belief, the Toner Defendants have been selling the infringing packaging to the same consumers, and advertising in the same channels of trade as Plaintiff's Packaging.

16. Defendant Wal-Mart has been selling the Toner Defendants products in its stores.

17. On September 27, 2007, and October 16, 2007, Plaintiff, by way of letters, notified

3

Defendants that their use of Plaintiff's Mark and Packaging to sell competing products infringes Plaintiff's rights, and demanded, among other things, that Defendants cease and desist from infringing Plaintiff's intellectual property rights. (Exhibit C).

18. The Toner Defendants responded, alleging that they would cease to use only the term "Magic" but keep the rest of the packaging the same. Thus its subsequent sales are knowing and willful.

19. Plaintiff found Wal-Mart was still selling the identical packaging in its store, (Exhibit D) which is also willful.

20. These acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights; and Plaintiff has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under the Lanham Act

21. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 20, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

22. Defendants' unlawful activities, as set forth above in using Plaintiff's Mark create a likelihood of confusion as to the source, sponsorship or legitimacy of the goods sold by Defendants; misappropriate and trade upon the fine reputation and goodwill of Plaintiff in the Mark and trade dress thereby injuring that reputation and goodwill.

23. Defendants' acts of trademark infringement have caused Plaintiff to sustain monetary damage, loss and injury in amounts to be determined at trial.

### SECOND CLAIM FOR RELIEF

4

**False Designation of Origin and False Representation,**
**Unfair Competition and False Advertising, Under the Lanham Act**

24. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 23, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

25. The trade dress is widely recognized in the crafts industry as identifying Plaintiff.

26. Defendants' Packaging is the same shape as Plaintiff's.

27. Defendants' unlawful and improper actions in using Plaintiff's Mark and Packaging as set forth above, are likely to cause confusion, mistake or deception as to the source, origin, or sponsorship of Defendants' goods, and to falsely mislead the crafts industry and customers into believing that Defendants' goods originate from, are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff.

28. Accordingly, Defendants' activities constitute false designation of origin, description and false representation, unfair competition and false advertising in commerce in violation of 15 U.S.C. §1125(a).

29. Defendants' acts of false designation of origin, description and false representation, unfair competition and false advertising have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**

**Violation of New York General Business Law §133**

30. Plaintiff repeats, reiterates and re-alleges each and every allegation in paragraphs 1 through 29, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants' unlawful acts set forth above constitute the assumption, adoption or use, with

5

the intent to deceive or mislead the crafts industry, for advertising purposes or purposes of

trade, of a designation or style, or a symbol or simulation thereof, that may deceive or

mislead the crafts industry as to the identity of Defendants or their products, or as to a

connection of Defendants with Plaintiff, in violation of NY GBL § 133.

32. Defendants' aforesaid violations of NY GBL § 133 have caused Plaintiff to sustain monetary

damage, loss and injury, in an amount to be determined at trial.

33. On information and belief, Defendants have engaged in this activity knowingly and willfully,

justifying assessment of punitive damages in an amount to be determined at trial.

34. Defendants' aforesaid violations of NY GBL§133, unless enjoined by this Court, will

continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff

has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Violation of New York General Business Law § 349

35. Plaintiff repeats, reiterates and re-alleges each and every allegation in paragraphs 1 through

34, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants' acts of which Plaintiff complains herein constitute deceptive acts or practices in

the conduct of business, trade, or commerce, or in the furnishing of services, in the state of

New York.

37. Plaintiff has been injured by reason of Defendants' deceptive acts or practices.

38. Defendants' aforesaid violations of NY GBL §349 have caused Plaintiff to sustain monetary

damage, loss and injury to Plaintiff, in an amount to be determined at trial.

39. On information and belief, Defendants have engaged in this activity knowingly and willfully,

6

justifying assessment of punitive damages in an amount to be determined at trial.

40. Defendants' aforesaid violations of NY GBL §349, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. For a preliminary and permanent injunction against Defendants and their affiliates, officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the Order by personal service or otherwise:

2. Restraining and enjoining Defendants from using STRETCH MAGIC (whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, whether used as an Internet domain name, in metatags, or other Internet use, and whether used in caption, text, orally or otherwise), or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of STRETCH MAGIC as a trade name, trademark or service mark, or in metatags, or in any manner which suggests in any way that Defendants and/or their activities or services or products originate from, are affiliated with, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff and/or its goods, services or activities are affiliated in any way with Defendants;

3. Restraining and enjoining Defendants from using the Packaging, which is the same, or substantially similar, or likely to be confusingly similar to the shape of Plaintiff's trade dress

Packaging.

4. Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or shape which suggests or tends to suggest in any way that Defendants and/or their goods or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff or its services or activities are affiliated in any way with Defendants;

5. Restraining and enjoining Defendants from using in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

6. Restraining and enjoining Defendants from violating NY GBL §360-L, §133 or §349;

7. Restraining and enjoining Defendants from engaging in any acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiff;

8. That in accordance with 15 U.S.C. §1118, all crafts, materials, packaging, label, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts, billboards, banners, posters, documents and the like in the possession or under the control of Defendants, and all plates, molds matrices, negatives, masters, and other means of making the same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

9. That in accordance with 15 U.S.C. §1116, Defendants file with the Court and serve on

counsel for Plaintiff within thirty (30) days after service on Defendants of such Order, or with such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

10. For an Order requiring Defendants to recall all unsold items intended for sale from Defendants distributors and retailers.

11. For an award of Defendants profits or other advantages and Plaintiff's damages resulting from Defendants unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

12. For an award of multiple damages, in an amount to be proven at the time of trial.

13. For an award of exemplary and punitive and/or increased profits, in an amount to be proven at the time trial.

14. For an award of attorney's fees and disbursements incurred by Plaintiff in this action.

15. For an award of Defendants' profits and Plaintiff's loss of profits, and alternatively for statutory damages.

16. For an award of costs for this action.

17. That Plaintiff be awarded such other and further relief as this Court may deem equitable and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

**WHEREFORE**, Plaintiff prays that this Court grant the relief it seeks, as well as other

relief which this Court deems just and appropriate.

Dated: January 16 2008

FELDMAN LAW GROUP, P.C.
Attorneys for Plaintiff

By:

Kenneth Feldman (KF-6003)
Stephen E. Feldman (SEF-5630)
12 E. 41st St.
New York, NY 10017
Tel: 212-532-8585
Fax: 212-532-8598